UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAJAN SINGH BARIANA,<br><br>    Plaintiff,<br><br>    v.<br><br>G. HARDY ACREE (DIRECTOR OF AIRPORTS); HADI KAKAR (PRESIDENT of SITOA); SACRAMENTO INDEPENDENT TAXI OWNERS [ASSOCIATION] (SITOA); SACRAMENTAL INTERNATIONAL AIRPORT,<br><br>    Defendants. | CIV S-06-0025 FCD PAN (JFM) PS<br><br>FINDINGS AND RECOMMENDATIONS |

—o0o—

Defendant G. Hardy Acree and defendants Hadi Kakar and the Sacramento Independent Taxi Owners Association (SITOA) filed separate motions to dismiss plaintiff's complaint pursuant Fed. R. Civ. P. 12(b)(b).  The motions, filed February 10 and 15, 2006, came on regularly for hearing on March 30, 2006.  Plaintiff, who proceeds in pro se, did not appear at the hearing.  Jennifer Dugan appeared on behalf of defendant Mr. Acree; Dale Kuykendall appeared for defendants Mr. Kakar and SITOA.

////

/////

Upon review of the motion and the documents in support and opposition, upon hearing the arguments of defendants' counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff challenges the adoption and application of Sacramento County Ordinance SCCO831, on the ground it vests the director of the Sacramento International Airport with "unlimited powers" which he exercised in a discriminatory fashion by granting to SITOA exclusive rights to pick up passengers at Sacramento International Airport. Plaintiff is not a member of SITOA. Plaintiff seeks damages and injunctive relief based on his claims this restriction violates 42 U.S.C. §§ 1981, 1983, and 2000e, the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, section 31 of the California Constitution, and California Government Code section 12900.

On February 10, 2006, defendants Kakar and SITOA filed their motion to dismiss; on February 15, 2006, defendant Acree filed a separate motion to dismiss. Defendants assert plaintiff's complaint should be dismissed on the ground it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Internat'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See

1  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46
2  (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.
3  1981).

## ANALYSIS

42 U.S.C. § 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race. 42 U.S.C. § 1981(a). The statute currently defines 'make and enforce contracts' to 'includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' § 1981(b)." Domino's Pizza, Inc. v. McDonald, 126 S.Ct. 1246, 1249 (2006). "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." Id., at 1250.

Plaintiff does not allege, either in his complaint or his opposition, that SITOA's exclusive rights are based on racial discrimination. Accordingly, plaintiff's 42 U.S.C. § 1981 claim should be dismissed.

Similarly, 42 U.S.C. § 2000e et seq. ("Title VII") prohibits employers from engaging in unlawful employment practices based on "race, color, religion, sex, or national origin." Plaintiff does not assert SITOA's exclusive airport rights are discriminatory on any of these grounds, nor does he assert defendants are "employers" within the meaning of 42 U.S.C. § 2000e. Accordingly, plaintiff's 42 U.S.C. § 2000e claim should be dismissed.

Analysis of plaintiff's claim under California's Fair Employment and Housing Act (FEHA), Government Code section 12900 et seq., mirrors federal law under Title VII. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1219 (9th Cir. 1998). FEHA prohibits employers from making employment decisions based on the "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person." Cal.Gov.Code § 12940 (a). Plaintiff does not assert SITOA's

exclusive airport rights are discriminatory based on any of these considerations, nor does he asserts defendants are "employers" within the meaning of the Act. Accordingly, plaintiff's FEHA claim should be dismissed.

Article I, Section 31, of the California Constitution proscribes discrimination "on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting." Although plaintiff asserts this action involves public contracting, plaintiff does not allege that SITOA's exclusive rights are discriminatory on any of these bases. Accordingly, plaintiff's claim based on the Article I, section 31 of California Constitution should be dismissed.

42 U.S.C. § 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." To state a claim under Section 1983, plaintiff must allege that:  1) the conduct complained of was committed by a person acting under the color of state law, and 2) such conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on separate grounds).

Plaintiff asserts only that "Defendant's [sic] conduct was undertaken under color of state law and operated To deprive the plaintiff of rights guaranteed to him under the Constitution and laws of the The United States." This claim fails to inform defendants of the allegations against them. Fed. R. Civ. P. 8(a); Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (complaint must give fair notice to defendants by stating the elements of each claim plainly and succinctly and by specifying the overt acts by defendants that support each claim). It is possible, however, that plaintiff can establish state action on the part of these or other defendants and develop and incorporate his currently separate Fourteenth Amendment claim as a due process challenge under section 1983 regarding the adoption and

application of the challenged ordinance. Accordingly, plaintiff's 42 U.S.C. § 1983 and Fourteenth Amendment claims should be dismissed with leave to amend.

Plaintiff's Fifth Amendment claim should, however, be dismissed. "[T]he [F]ifth [A]mendment to the [C]onstitution . . . is intended solely as a limitation on the exercise of power by the government of the United States, and is not applicable to the legislation of the states." Barron v. City of Baltimore, 32 U.S. 243, 250-51 (1833). Plaintiff is unable to state a claim under the Fifth Amendment on the basis of these facts.

Accordingly, IT IS HEREBY RECOMMENDED that:

(1) defendants' motions to dismiss filed February 10 and 15, 2006, be granted in part and denied in part;

(2) plaintiff's claims under 42 U.S.C. §§ 1981 and 2000e, the Fifth Amendment to the U.S. Constitution, Article I, section 31 of the California Constitution, and California Government Code section 12900, be dismissed without leave to amend;

(3) plaintiff's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution, be dismissed with leave to amend;

(4) and plaintiff be accorded thirty (30) days from the date of service of the district judge's order to file an amended complaint.

These findings and recommendations are submitted to the Honorable Frank C. Damrell, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

/////
/////
/////
/////
/////

Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006:bari0025.f&r