1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BHAJAN SINGH BARIANA,

11          Plaintiff,                    No. CIV S-06-0025 FCD EFB PS

12          vs.

13   G. HARDY ACREE (DIRECTOR OF
     AIRPORTS); HADI KAKAR
14   (PRESIDENT of SITOA);
     SACRAMENTO INDEPENDENT
15   TAXI OWNERS [ASSOCIATION] (SITOA);
     SACRAMENTAL INTERNATIONAL
16   AIRPORT,                             FINDINGS AND RECOMMENDATIONS

17          Defendants.
                                    /
18

19          This is an action by a taxi cab driver, proceeding in pro per, who disputes a decision by

20   the director of the Sacramento International Airport (defendant G. Hardy Acree) to enter into an

21   exclusive contract that grants only members of defendant Sacramento Independent Taxi Owners

22   Association the right to pick up passengers from the Sacramento International Airport.

23   Plaintiff's complaint, while hardly a model of clarity, suggests that this exclusive contract

24   violates his federally protected rights and he sues pursuant to 42 U.S.C. § 1983.

25          On May 25, 2006, the Honorable Frank C. Damrell, Jr., adopted the April 7, 2006

26   findings and recommendations of Magistrate Judge John F. Moulds and dismissed without leave

                                            1

1    to amend all claims set forth in plaintiff's complaint except those claim brought pursuant to 42

2    U.S.C. § 1983 and the Fourteenth Amendment, which were dismissed with leave to amend.

3    Plaintiff was accorded twenty days from the date of service of the district judge's order to file an

4    amended complaint in an effort to cure the pleading defects as to those claims.  After issuance of

5    the findings and recommendations but prior to Judge Damrell's order adopting those findings

6    and recommendations plaintiff prematurely filed an amended complaint on April 24, 2006.

7    Thereafter, he timely filed an amended complaint on June 5, 2006 that is virtually identical to the

8    complaint filed in April.  In the interim, defendants moved to dismiss the premature complaint.

9    Plaintiff's June filing constitutes the operative amended complaint, and the court construes

10   defendants' motions to dismiss as timely made and directed at that pleading.  The court now

11   address those motions.

12   I.    BACKGROUND

13          Plaintiff challenges the adoption and application of Sacramento County Ordinance SCC

14   0831.[1]  It vests in Director Acree the discretion to enter into an exclusive contract with selected

15   taxicab drivers to pick up passengers from the Sacramento International Airport.  Mr. Acree has

16   exercised this discretion in what plaintiff claims to be a discriminatory fashion by granting such

17   exclusive rights to members of defendant Sacramento Independent Taxi Owners Association

18   (SITOA).[2]  Plaintiff is not a member of SITOA.  However, as discussed in Magistrate Judge

19   Moulds' recommendation of April 7, 2006, plaintiff does not alleged race-based discrimination

20   and his earlier claims under § 1981 were dismissed without further leave to amend.

21          In his amended complaint plaintiff asserts that SITOA was formed in 1991 by "some

22   clever Cab drivers in Sacramento . . . with an ulterior motive to Grab the Taxicab business at the

---

23

24          [1]  Plaintiff has attached to his complaint a copy of "Chapter 11.09 Ground Transportation
     Regulations and Fees," which incorporates SCC 0831.

25          [2]  The only significant difference in plaintiff's amended complaints is the inclusion in the
     June complaint of the factual allegation that some SITOA taxidrivers are operating non-
26   permitted taxis at the airport.

1   Sacramento International Airport . . . and probably conspired with the Director of Airports to get

2   an Ordinance passed by the County Board of Supervisors for an Exclusive Rights Contract

3   which was denied to them by the County Board of Supervisors in an earlier similar attempt in

4   July 1989." *See* Amended Complaint at 2.  The ordinance authorizes a $100 fine to non-SITOA

5   cabdrivers who attempt to pick up passengers at the airport.  *Id*. at 3.  Plaintiff alleges that

6   SITOA has been granted exclusive rights since 1991 and now "for the next 6 years."  *Id.*

7           Plaintiff seeks injunctive and other appropriate relief based on his claims that defendants

8   are violating 42 U.S.C. § 1983, the Fourteenth Amendment to the U.S. Constitution, and Article

9   I, section 7(b), and Article XI, section 7, to the California Constitution.

10  II.    <u>MOTIONS TO DISMISS</u>

11          Defendants Hadi Kakar and SITOA filed their motion to dismiss plaintiff's amended

12  complaint pursuant to Fed. R. Civ. P. 12(b)(6) on May 4, 2006.  Defendant G. Hardy Acree

13  separately filed a motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P.

14  12(b)(6) on May 12, 2006.  Plaintiff did not file an opposition to either motion.[3]  The motions

15  were submitted on the papers without oral argument on August, 3 2006.[4]  The court recommends

16  that both motions to dismiss be granted.

17          A.  <u>Standard</u>

18          A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears

19  beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle

20  plaintiff to relief.  *NOW, Inc. v. Schiedler*, 510 U.S. 249, 256 (1994); *Cervantes v. City of San*

21  *Diego*, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of

22  ───────────

23          [3]  Plaintiff did not file an opposition to the motions.  However, Jennifer E. Duggan,
    counsel for defendant G. Hardee Acree, states in her declaration that based on her exchange of
    phone messages with plaintiff regarding his obligation file an opposition, the plaintiff clarified
24  that he intended his amended complaint to serve as his opposition.  *See* Declaration of Jennifer
    E. Duggan in Support of Reply, ("Duggan Decl."), at ¶ 2-5.  Giving plaintiff the benefit of the
25  doubt, the court treats the current motions as opposed and considers the merits of the motions.

26          [4]  On August 28, 2006, this case was reassigned to the undersigned.

                                            3

cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

However, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Analysis

In the amended complaint plaintiff alleges that defendants violated: (1) plaintiff's rights under 42 U.S.C. § 1983; (2) the Fourteenth Amendment of the United States Constitution; (3) Article I, section 7(b) of the California Constitution; and, (4) Article XI, Section 7 of the California Constitution.

1. Section 1983 & Fourteenth Amendment

In recommending dismissal of plaintiff's initial § 1983 and Fourteenth Amendment claims, Magistrate Judge Moulds found that plaintiff's claims "fail[ed] to inform defendants of

4

the allegations against them." Fed. R. Civ. P. 8(a); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (complaint must give fair notice to defendants by stating the elements of each claim plainly and succinctly and by specifying the overt acts by defendants that support each claim)."  Plaintiff was granted leave to amend these claims, because the court found it "possible . . . that plaintiff [could] establish state action on the part of these or other defendants and develop and incorporate his currently separate Fourteenth Amendment claim as a due process challenge under section 1983 regarding the adoption and application of the challenged ordinance." *See* Findings and Recommendations at 4:24-5:1.  Plaintiff has failed to amend his complaint in this respect.

"The Fourteenth Amendment to the United States Constitution provides that a State shall not deprive any person of life, liberty, or property, without due process of law.  In 42 U.S.C. § 1983, Congress has created a federal cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005) (internal citations and quotations omitted).  Section 1983 provides that "(e)very person who, under color of any statute of any state . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.

In order to state a claim under this section, plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  The "color of state law" and "state action" requirements of § 1983 and the Fourteenth Amendment, respectively, converge when a deprivation of rights is alleged under both provisions. *See, e.g.*, *American Mfrs. Mut. Ins. Co. v. Sullivan*,  526 U.S. 40, 50, n. 8 (1999) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, n. 18 (1982)).

////

1    Plaintiff's amended complaint again fails to provide fair notice to defendants of the

2    allegations against them "by stating the elements of each claim plainly and succinctly and by

3    specifying the overt acts by defendants that support each claim." *Jones v. Community*

4    *Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The amended complaint alleges that

5    Director Acree acts under color of state law as a Sacramento County employee executing a

6    Sacramento County ordinance, and that his granting of exclusive rights to SITOA has resulted in

7    a denial of Fourteenth Amendment protections to plaintiff and other non-SITOA cabdrivers.

8    Plaintiff does not assert that defendants SITOA or Kakar have acted under color of state law.

9    Because defendants SITOA or Kakar are not alleged to be state actors, the § 1983 claims as to

10   them fail as a matter of law.  Moreover, regardless of whether any of defendants are in fact state

11   actors or whether their actions can be construed as "under color of state law," plaintiff fails to

12   allege facts showing the second prong of section 1983 claim, i.e., that the granting of the

13   exclusive contract violates plaintiff's federal constitutional or statutory rights.

14   Plaintiff alleges only generally the denial of his Fourteenth Amendment rights.  He does

15   not identify a fundamental right affected by Sacramento County Ordinance SCC 0831, nor does

16   he allege that it discriminates based on any suspect classification.  Rather, it appears that plaintiff

17   merely challenges the fairness of the ordinance's authorization for the Airport Director to

18   contract with ground transportation service providers to the exclusion of others.  The ordinance

19   does not specifically identify or classify SITOA as the group to be awarded such exclusive

20   contracts, nor does plaintiff identify SITOA itself as excluding membership on the basis of some

21   suspect classification.

22   Legislation that does not "employ suspect classifications or impinge on fundamental

23   rights must be upheld against an equal protection attack when the legislative means are rationally

24   related to a legitimate governmental purpose." *Hodel v. Indiana*, 452 U.S. 314, 331 (1981).  The

25   ordinance at issue in this case recites several reasons for its enactment, including but not limited

26   to, reducing congestion and disorder on airport premises, increasing ground transportation

1   passenger safety and satisfaction, and creating incentives for ground transportation service

2   providers to use reduced emission or clean air vehicles.  *See* Attachment to Amended Complaint,

3   "Chapter 11.09 Ground Transportation Regulations and Fees, 11.09.00 Purposes."

4         The party challenging the legislation bears the burden of establishing that the legislation

5   is not rationally related to a legitimate governmental purpose.  *FCC v. Beach Commc'n., Inc.*,

6   508 U.S. 307, 314-15 (1993) (those attacking the rationality of the legislation have the burden

7   "to negative every conceivable basis which might support it.").  Not only does plaintiff fail to

8   identify any suspect classification in the legislation, he offers no challenge to the legitimacy of

9   the governmental purposes for its enactment.  As such, plaintiff fails to state a claim under the

10   Fourteenth Amendment's Equal Protection Clause.

11         To the extent plaintiff's challenge to the ordinance rests in the Due Process Clause of the

12   Fourteenth Amendment, he again fails to state a claim.

13         "The requirements of procedural due process apply only to the deprivation of interests

14   encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of*

15   *Regents v. Roth*, 408 U.S. 564, 569 (1972).  Liberty "'denotes not merely freedom from bodily

16   restraint but also the right of the individual to contract, to engage in any of the common

17   occupations of life, to acquire useful knowledge, to marry, establish a home and bring up

18   children, to worship God according to the dictates of his own conscience, and generally to enjoy

19   those privileges long recognized . . . as essential to the orderly pursuit of happiness by free

20   men.'"  *Id.* at 572 (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)).  Plaintiff has not

21   alleged a deprivation of liberty caused by the ordinance's enactment and implementation.

22   Further, to the extent plaintiff means to allege that the ordinance unlawfully deprives him of the

23   freedom "to contract" or "to engage in the common occupations of life," he cannot do so.  *Id.* at

24   575 (A person is not deprived of "liberty" when he is "not rehired in one job but remains as free

25   as before to seek another.").

26   ////

1   "The Fourteenth Amendment's procedural protection of property is a safeguard of the

2   security of interests that a person has *already* acquired in specific benefits." *Board of Regents*,

3   408 U.S. at 576 (emphasis added).  The Due Process Clause "does not protect everything that

4   might be described as a 'benefit': 'To have a property interest in a benefit, a person clearly must

5   have more than an abstract need or desire' and 'more than a unilateral expectation of it.  He

6   must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock v. Gonzales*,

7   545 U.S. 748 (2005) (quoting *Board of Regents*, 408 U.S. at 577 (1972)).  Property interests are

8   not created by the Constitution, but are "created and their dimensions are defined by existing

9   rules or understandings that stem from an independent source such as state law." *Board of*

10  *Regents*, 408 U.S. at 577 (citations omitted).  Plaintiff has not identified any law, rule or "other

11  independent source" that gives him a property interest in picking up passengers at the airport,

12  nor does he claim a legitimate entitlement to such activity.  Accordingly, plaintiff fails to state a

13  claim under the Due Process Clause of the Fourteenth Amendment.

14      Plaintiff was previously granted leave to amend his complaint to state a claim under

15  section 1983 and the Fourteenth Amendment.  His amended complaint has failed to cure the

16  defects as to those claims and it is apparent that he is unable to do so as to this ordinance and

17  contract.  Accordingly, the complaint must be dismissed without further leave to amend.

18                      2. California Constitution Claims

19      Plaintiff's newly alleged state constitutional challenges fare no better.[5]  As with his

20  federal challenges, plaintiff alleges only that defendants violated these provisions without further

21  factual explanation or case citation.

22      Article I, section 7(b) of the California Constitution provides, "[a] citizen or class of

23  citizens may not be granted privileges or immunities not granted on the same terms to all

24  _____

25      [5]  The court notes that plaintiff's newly asserted claims arising under the California
    Constitution were not raised in the original complaint.  The court addresses these new claims
26  because they appear to arise out of the same "nucleus of operative facts" as plaintiff's federal
    claims.  *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 728-29 (1966).

1    citizens.  Privileges or immunities granted by the Legislature may be altered or revoked."  This

2    provision has been interpreted by the California Supreme Court as "'substantially the equivalent'

3    of the equal protection clause of the Fourteenth Amendment to the federal Constitution."

4    *Serrano v. Priest*, 18 Cal.3d 728, 763 (1976) (citation omitted).  However, unlike the due process

5    and equal protection clauses of the Fourteenth Amendment, this California constitutional

6    provision contains no explicit "state action" requirement.  *Gay Law Students Ass'n v. Pac. Tel. &*

7    *Tel. Co.*, 24 Cal. 3d 458, 468 (Cal. 1979).

8           Nonetheless, as with federal equal protection challenges, economic legislation resulting

9    in non-invidious "discrimination" between classes of individuals is presumptively constitutional,

10   requiring only that the distinctions drawn bear some rational relationship to a conceivable

11   legitimate state purpose.  *Warden v. State Bar*, 21 Cal.4th 628, 641 (1999) (citation and internal

12   quotations omitted).  "Moreover, the burden of demonstrating the invalidity of a classification

13   under this standard rests squarely upon the party who assails it."  *Id.*

14          Plaintiff's allegations, taken as true for purposes of this motion, do not meet this burden.

15   Plaintiff has plead no facts showing that Sacramento County Ordinance SCC 0831 has resulted

16   in invidious discrimination, nor has he alleged that the legislation is unrelated to a conceivable,

17   legitimate state purpose.  Plaintiff merely argues that the law is unfair.  Thus, the court finds that

18   plaintiff has failed to state a claim under Article I, section 7(b) of the California Constitution.

19          Similar considerations fail to support a claim under Article XI, section 7 of the California

20   Constitution.  That section provides, "[a] county or city may make and enforce within its limits

21   all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

22          Plaintiff fails to explain how this provision of the California Constitution, which is

23   expressly limited to cities and counties, applies to defendants Kakar and SITOA.  Further,

24   plaintiff does not provide specific facts or authorities to explain his allegation that defendant

25   Acree – to the extent he has acted on behalf of the county in implementing the ordinance –

26   violated this provision of the California Constitution.  Plaintiff cites no facts, legal authority, or

9

1   other arguments to challenge the validity or constitutionality of Sacramento County Ordinance

2   SCC 0831.  "Statutes must be upheld unless their unconstitutionality clearly, positively and

3   unmistakably appears."  *Lockheed Aircraft Corp. v. Super. Ct. of Los Angeles Co.*, 28 Cal. 2d

4   481, 484 (Cal. 1946).  Because plaintiff has alleged no facts showing a violation of this provision

5   of the California Constitution, the claim should be dismissed.

6        C.  Defendant "Sacramento International Airport"

7        The court notes that "Sacramento International Airport" is named as a defendant in the

8   captions of both the original and amended complaint.  However, plaintiff has filed nothing with

9   the court to show that this entity was ever served in accordance with the Federal Rules of Civil

10  Procedure.  The certificate of service for the operative amended complaint filed on June 7, 2006,

11  shows service only on counsel for defendants whose motions to dismiss are presently before the

12  court.  However, even if served and the allegations as pleaded were construed as against the

13  airport, the claims are subject to the same analysis set forth above.  Additionally, none of

14  plaintiff's claims appear to be specifically directed against the Sacramento International Airport,

15  nor has that entity made any appearance in this action.  For that additional reason, the complaint

16  fails to state a claim against this entity and any claims purportedly asserted against it must be

17  dismissed as well.  Fed. R. Civ. P 12(b)(6).

18       Moreover, pursuant to Federal Rule of Civil Procedure 4(m), if a defendant is not served

19  within 120 days of filing the complaint, the court may dismiss the complaint as to that defendant.

20  More than 120 days have passed since the filing of the operative amended complaint on June 5,

21  2006.  *See McGuckin v United States*, 918 F.2d 811, 813 (9th Cir. 1990) (construing the 120-day

22  limit of former Rule 4(j), now Rule 4(m), to run from filing of the amended complaint).

23  Accordingly, to the extent plaintiff meant to name Sacramento International Airport as a

24  defendant, the court recommends dismissal of that entity for plaintiff's failure to comply with

25  Fed. R. Civ. P. 4(m).

26  ////

III.     <u>CONCLUSION</u>

In accordance with the foregoing, IT IS RECOMMENDED that:

1.  Defendant G. Hardee Acree's motion to dismiss be granted without further leave to amend;

2.  The motion to dismiss filed by Hadi Kakar and Sacramento Independent Taxi Owners Association be granted without further leave to amend;

3.  Defendant "Sacramento International Airport" be dismissed pursuant to Fed. R. Civ. P. 4(m) and, alternatively 12(b)(6); and,

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  January 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE